IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOAN PLETZ,**

**Plaintiff,**

**v.**

**MBNA AMERICA, NA, d/b/a
BANKCARD SERVICES;
HILCO RECEIVABLES, LLC;
LAKE COOK PARTNERS, LLC; and
CREDITORS FINANCIAL GROUP, LLC,**

**Defendants.**                                             **No. 05-CV-0799-DRH**

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

## I. Introduction and Background

Pending before the Court are two motions to dismiss (Docs. 17 & 19). Plaintiff opposes the motion (Doc. 25). Based on the pleadings, the applicable, the Court denies the motions.

On December 14, 2005, Plaintiff filed an Amended Complaint against defendants Hilco, LCP, CFG and MBNA. Plaintiff's Amended Complaint contains two counts. Count I purports to assert a claim on behalf of a class of persons for declaratory and injunctive relief. Count II is a claim by Plaintiff individually against MBNA for a purported violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). Plaintiff brought this Fair Credit Reporting Act case seeking redress against MBNA for reporting to the credit bureaus that plaintiff owes it money regarding a

debt that originally belonged solely to her husband, and that was discharged in bankruptcy. The complaint alleges that it is MBNA's general practice to attempt to collect discharged debts from bankruptcy debtor's spouses. Plaintiff seeks a class-wide declaration and injunction under prohibiting MBNA and debt collectors Hilco Receivables, LLC; Lake Cook Partners, LLC; and Creditors Financial Group, LLC, its agent debt collectors from attempting to collect discharged debts from debtors' spouses.

Defendants move to dismiss Count I of the Amended Complaint arguing that the Court lacks subject matter jurisdiction because it does not contain any federal question or state claim and that it fails to state a claim. Specifically, Defendants contend that Plaintiff merely seeks a declaratory judgment as to "whether plaintiff and the members of the class are obligated to pay defendants." (Doc. 20, p. 3). Plaintiff responds that because the Court has federal question jurisdiction over Count II, it has supplemental jurisdiction over Count I. The Court agrees with Plaintiff.

## II. Motion to Dismiss

When ruling on a motion to dismiss for failure to state a claim, the district court assumes as true all facts well-pled plus the reasonable inferences therefrom and construes them in the light most favorable to the plaintiff. **Fries v. Helsper**, **146 F.3d 452, 457 (7th Cir. 1998) (citing Wiemerslage Through Wiemerslage v. Maine Township High School Dist. 207, 29 F.3d 1149, 1151**

**(7th Cir. 1994))**. The question is whether, under those assumptions, the plaintiff would have a right to legal relief. *Id*. This standard also has been articulated:

> [U]nder "simplified notice pleading," … the allegations of the complaint should be liberally construed, and the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

***Lewis v. Local Union No. 100 of Laborers' Int'l Union*, 750 F.2d 1368, 1373 (7th Cir. 1984) (quoting *Conley v. Gibson*, 355 U.S. 41, 46-47 (1957)). Accord *Fries* at 457; *Vickery v. Jones*, 100 F.3d 1334, 1341 (7th Cir. 1996)**.

The Seventh Circuit has reiterated the liberal standard governing notice pleading:

> It is sufficient if the complaint adequately notifies the defendants of the nature of the cause of action…. As the Supreme Court has recently reminded us, the Federal Rules of Civil Procedure do not permit us to demand a greater level of specificity except in those instances in which the Rules specifically provide for more detailed elaboration. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993).

***Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998); *See also Kaplan v. Shure Brothers, Inc.*, 153 F.3d 413, 419 (7th Cir. 1998)**. In fact, the Seventh Circuit has instructed that a plaintiff's claims *must* survive a 12(b)(6) dismissal motion if relief could be granted under *any* set of facts that could be proved consistent with the allegations. ***Hi-Lite Products***

*Co. v. American Home Products Corp.*, **11 F.3d 1402, 1409 (7th Cir. 1993)**. Motions to dismiss are intended only to test the legal sufficiency of the plaintiff's complaint, not to address the claims on their merits; summary judgment motions are the proper vehicles to consider legal arguments and evidence.

Here, Pletz has delineated facts sufficient to allow the Court to "understand the gravamen of the plaintiff's complaint." *Kyle v. Morton High School*, **144 F.3d 448, 455 (7th Cir. 1998).** Affording the complaint a liberal construction, this Court cannot say that "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ledford v. Sullivan*, **105 F.3d 354, 356 (7th Cir. 1997) (citing** *Hishon v. King & Spaulding*, **467 U.S. 69, 73 (1984))**.

Further, Count II properly invokes this Court's subject matter jurisdiction pursuant to the Fair Credit Reporting Act, **15 U.S.C. § 1681p**, *see Nelson v. Stewart,* **422 F.3d 463, 466 (7th Cir. 2005) ("[A] court must determine the presence or absence of a federal question by examining only the plaintiff's well-pleaded complaint …. This rule requires that a federal question appear on the face of the complaint."** ), and the declaratory judgment claim in Count I is within this Court's supplemental jurisdiction. **28 U.S.C. § 1367**.

### III. Conclusion

Accordingly, the Court **DENIES** Defendants' motions to dismiss (Docs. 17 & 19).

**IT IS SO ORDERED.**

Signed this 14th day of February, 2006.

                                               /s/         David   RHerndon  
                                               United States District Judge