IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOAN PLETZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:05-cv-799-DRH |
| ) | |
| MBNA AMERICA, NA, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the Motion to Compel Depositions filed by the plaintiff, Joan Pletz, on March 29, 2006 (Doc. 39), the Motion to Strike and Objection to Requests for Admission filed by the defendant, MBNA American, NA, on April 21, 2006 (Doc. 49), and the Motion for Leave to File Amended Complaint filed by the plaintiff on May 17, 2006 (Doc. 61). For the reasons set forth below, the motion to compel is **DENIED AS MOOT,** the motion to strike is **DENIED AS MOOT,** and the motion for leave to file is **GRANTED.**

**BACKGROUND**

The plaintiff has filed a purported class action amended complaint in which she alleges that the defendants have violated the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, and state law. Specifically, the plaintiff alleges that her husband's debts were transferred to her, illegally, when her husband declared bankruptcy. She asserts that these debts were sold to a collection agency which sought to collect the debt from the plaintiff notwithstanding her protestations to the defendants that the debt was not hers. She asserts that her particular experience is part of a pattern of behavior of the defendants for which she sought class certification.

On March 22, 2006, the defendant, MBNA America Bank, N.A., sought to temporarily

stay discovery until settlement negotiations were concluded and dispositive motions were ruled upon.  MBNA argued that temporarily staying discovery would reduce the cost of this litigation and lead to a speedy resolution in the case should the parties settle.  On April 3, 2006, District Judge Herndon stayed discover until May 18, 2006 but allowed "limited discovery on the issue of whether the Plaintiff's account was a joint account which Defendants intend to base their summary judgment motion" (Doc. 42).

Prior to the Order temporarily staying discovery, but after the defendant filed its motion to stay, the plaintiff filed the motion to compel depositions.  The plaintiff states that she noticed out-of-town depositions on March 9, 2006 to occur on March 29, 2006.  MBNA did not object to the notification and the plaintiff expended money to buy plane tickets and arrange for a court reporter.  MBNA filed its motion to stay on March 22, 2006.  Thereafter, the plaintiff confirmed, by e-mail, the depositions on March 27, 2006.  It was not until that e-mail did MBNA state that it would not appear or produce witnesses for the depositions.  In response, MBNA states that it had "informally" agreed with the plaintiff to temporarily stay class discovery as early as January 30, 2006 and reaffirmed this agreement on March 8 and 9, 2006.  Conspicuously absent from MBNA's response, however, is any indication that they specifically, prior to March 27, 2006, "formally" objected to the deposition notices.  In addition MBNA appears to rely on Judge Herndon's *later dated* Order staying discovery for failing to appear for the depositions.  Thus, MBNA argues, it relied on informal agreements prior to the noticing of the depositions that discovery would be stayed.

In the April 21, 2006 motion to strike, MBNA argues that certain discovery requests propounded by the plaintiff fail to comply with Judge Herndon's Order.  MBNA specifically

objects to interrogatories, requests for production, and requests to admit that were served on March 21, 2006, prior to Judge Herndon's Order.  In response the plaintiff states that the defendant failed to attach the objectionable discovery as required by Local 26.1(b)(3).  Second, the plaintiff asserts that the defendant failed to meet and confer regarding the objectionable discovery as generally required by Federal Rule of Civil Procedure 37.  The plaintiff then goes through each objectionable discovery request and outlines reasons why these requests comport with Judge Herndon's Order.  In reply, the defendant notes that it referred to the discovery requests, which were already on file as Exhibit A to docket entry 37, are required by the CM/ECF rules, and that it did in fact attempt to confer with the plaintiff as evidenced by various e-mails.  In conclusion, MBNA states that "plaintiff must control her overzealous demands and curtail her current blunderbuss approach to discovery . . . ."

The final motion that is pending is the plaintiff's motion to amend the complaint (to which the defendants have not responded).  The plaintiff's proposed second amended complaint excludes the class allegations and adds/deletes certain factual statements.

## DISCUSSION

**Motion to Compel**

This motion is **MOOT**.  The only request that the plaintiff makes in this motion is an Order compelling the deponents to appear for the depositions scheduled for March 29, 2006.  That date has passed.  The plaintiff does not seek sanctions pursuant to Federal Rule of Civil Procedure 37(d).  The Court assumes that as the discovery deadline in this case is April 8, 2007, the plaintiff has ample opportunity to re-notice these depositions (if indeed they are necessary in light of the proposed second amended complaint).  The Court suggest, however, that the parties

confirm the depositions prior to expending additional monies. Finally, if there are any additional issues with respect to these depositions, the parties may raise them at the forthcoming discovery dispute conference.

**Motion to Strike**[1]

This motion also is **MOOT**. MBNA's only argument is that the discovery requests fall outside the scope of Judge Herndon's Order temporarily staying discovery. The discovery stay has now been lifted. If there are any other issues with respect to these discovery requests, the may raise them at the discovery dispute conference.

**Motion to Amend**

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend "shall be freely given when justice so requires." However, leave to amend may be denied if there is "undue delay, bad faith, dilatory motive, prejudice, or futility." Guise v. BWM Mortgage, LLC., 377 F.3d 795, 801 (7th Cir. 2004). The granting or denying of a motion to amend is reviewed for an abuse of discretion. Butts v. Aurora Health Care, Inc., 387 F.3d 921, 925 (7th Cir. 2004). No party has objected to this motion. Therefore it is **GRANTED**. The plaintiff shall file her second amended complaint by June 22, 2006. The defendants shall file a responsive pleading consistent with Federal Rule of Civil Procedure 15(a).

---

[1] Defendants Hilco Receivables LLC, Lake Cook Partners LLC, and Creditors Financial Group LLC, have joined this motion (Docs. 50 and 53)

## CONCLUSION

For the reasons set forth above, the Motion to Compel Depositions filed by the plaintiff, Joan Pletz, on March 29, 2006 is **DENIED AS MOOT** (Doc. 39), the Motion to Strike and Objection to Requests for Admission filed by the defendant, MBNA American, NA, on April 21, 2006 is **DENIED AS MOOT** (Doc. 49), and the Motion for Leave to File Amended Complaint filed by the plaintiff on May 17, 2006 is **GRANTED** (Doc. 61).

**DATED: June 16, 2006**

s/ Donald G. Wilkerson
**DONALD G. WILKERSON**
**United States Magistrate Judge**
