IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOAN PLETZ,**

**Plaintiff,**

**v().**                                                                                  **No. 05-CV-799-DRH**

**MBNA AMERICA, NA, d/b/a
BANKCARD SERVICES;
HILCO RECEIVABLES, LLC;
LAKE COOK PARTNERS, LLC; and
CREDITORS FINANCIAL GROUP, LLC;**

**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Pending before the Court is MBNA's Motion to Dismiss Pletz's Second Amended Complaint (Doc. 74). Specifically, MBNA argues that Pletz's Second Amended Complaint is time barred by the statute of limitations contained in **15 U.S.C. § 1681p**. Pletz opposes the motion (Doc. 78). Based on the pleadings and case law, the Court denies the motion.

On June 27, 2006, Plaintiff Joan Pletz ("Pletz") filed this Second Amended Complaint against Defendants MBNA America, NA, d/b/a Bankcard Services; Hilco Receivables, LLC; Lake Cook Partners, LLC; and Creditors Financial Group, LLC; ("MBNA") under the Fair Credit Reporting Act, **15 U.S.C. § 1681p**, and

1

**28 U.S.C. §§ 1331**, **1332**, **1337**, and **1367**, requesting declaratory and injunctive relief stating that Pletz is not obligated on the account pursued against her by MBNA. (Doc. 73).[1]

Specifically, the Second Amended Complaint alleges that MBNA reported to various credit bureaus that Pletz owed MBNA money related to a debt that originally belonged solely to her husband and which was discharged in his bankruptcy proceedings. Pletz was not aware that the credit card existed until MBNA began attempting to collect the debt from her in 2003 after the debt was discharged. Pletz and her husband, Albert Pletz, were married in 1953. In 1977, Mr. Pletz opened a credit card account with Union Planter's Bank, MBNA's predecessor in interest on Mr. Pletz's credit card account. Pletz was not present when the account was opened, and she never signed any documents obligating her on the account.

After Albert Pletz's bankruptcy, MBNA began sending Pletz account statements in her name only and harassing her by telephone demanding payment of the account's balance. In response, Pletz demanded proof that she was obligated on the account and she refused to pay the balance. Between September 22, 2003, and October 16, 2003, MBNA sold the account to a third party collection agency. Over the course of the next two years, at least four collection agencies attempted to collect the account balance from Pletz despite the Pletz's repeated letters disputing the debt

---

[1]Pletz's original Complaint against MBNA and other defendants was filed on November 3, 2005.

and demanding that such activity cease. Around July 2005, Pletz wrote to three consumer reporting agencies requesting that her delinquency on the account be deleted because the debt was not hers. When these agencies contacted MBNA to verify that Pletz was obligated to pay the debt, MBNA informed the agencies that the debt was in fact that of Pletz. As a result, the agencies declined to remove the reported delinquency from Pletz's credit report. Pletz alleges that MBNA's verification statements in 2005 were false, and that MBNA knew the statements to be false.

On July 17, 2006, MBNA filed a Motion to Dismiss Pletz's Second Amended Complaint as time-barred by **15 U.S.C. § 1681p**. (Doc. 74). Pletz opposes the motion (Doc. 78). The Court now turns to address the motion.

## II. Analysis

When reviewing a motion to dismiss for failure to state a claim, the court must determine whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." ***Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).** The court must accept all well-pleaded allegations of the complaint as true. ***Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).** Such latitude "is necessary to give plaintiffs the benefit of the broad standard for surviving a Rule 12(b)(6) motion . . ." ***Cushing v. City of Chicago*, 3 F.3d 1156, 1160 (7th Cir. 1993).**

MBNA argues that most of Pletz's allegations in the Second Amended

3

Complaint, including all assertions of harassment by MBNA and correspondence between MBNA and the Pletz's, occurred more than two years before Pletz filed her original Complaint.  Therefore, MBNA contends that Pletz's claim is precluded by **15 U.S.C. § 1681p**'s statute of limitations.  **15 U.S.C. § 1681p** provides:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of–
>
> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
>
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

**15 U.S.C. § 1681p**.

Based on the applicable statute of limitations, any claims of harassment that occurred two years before Pletz filed her original Complaint are time-barred.  However, the crux of Pletz's claim is that MBNA furnished inaccurate information to a consumer reporting agency.  This claim is based on Pletz's allegation that some time after July 2005, and on an ongoing monthly basis, MBNA falsely verified Pletz's purported debt to several credit bureaus in violation of **15 U.S.C. § 1681s-2(b)**.

When a consumer reporting agency learns that an alleged debtor disputes the information upon which the agency relies, **§ 1681i(a)(2)** requires the agency to provide notification of the dispute to the source of the information.  Once the source of information receives this notice, **§ 1681s-2(b)** requires it to conduct an investigation into the disputed information.  If the information disputed by a

consumer is found to be inaccurate or incomplete or cannot be verified pursuant to its investigation, the source of the information must notify the consumer reporting agency by promptly modifying, deleting, or permanently blocking the reporting of the information in dispute.  **15 U.S.C. § 1681 *et seq*.**

The dispute process contemplated in a **§ 1681s-2(b)** cause of action may thus be broken down into three steps: (1) the consumer's request to the credit bureau for deletion or alteration of the disputed item on her credit report; (2) the credit bureau's fulfillment of its duty to contact the furnisher regarding the disputed information; and (3) the furnisher's failure to modify, delete, or permanently block the information if it cannot be verified.  The **§ 1681s-2(b)** claim is not ripe until each of these events occurs, and the statute of limitations does not begin to run until this requisite dispute process is complete.  **See *Hukic v. Aurora Loan Servs.*, 2006 U.S. Dist. LEXIS 36892 (N.D. Ill. May 22, 2006) (holding that plaintiff's request for investigation to credit bureau occurred within two years of the date the complaint was filed and thus was not time-barred); *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F.Supp. 2d 492, 507 (D. Md. 2004) (finding Fair Credit Reporting Act's statute of limitations satisfied when defendant's alleged failure to comply with its duty to investigate disputed information occurred within two years of the filing of plaintiff's complaint).**

Here, Pletz's Second Amended Complaint alleges that, presumably in 2005, she asked three consumer reporting agencies to delete debt on her record

which she disputed on the basis that it was not her own; that on information and belief, based on statements of the consumer reporting agencies, the agencies complied with their statutory duty to request verification of the debt by MBNA; and that MBNA falsely verified the debt as Pletz's.  All of these events must have been completed before Pletz could bring her claim, and all of the events occurred within the two-year statute of limitations period.

MBNA's insistence that the alleged harassing activity concluded in 2003, more than two years before Pletz filed her Complaint, has no effect on her independent claim that MBNA falsely verified her purported debt in violation of 15 U.S.C. § 1681s-2(b) in 2005.  A statutory scheme may contain a multitude of provisions proscribing various forms of conduct and providing assorted bases upon which the plaintiff may recover.  A violation of one provision does not toll the statute of limitations for other provisions not yet triggered by the first violation.  Likewise, when different forms of unlawful conduct occur over the course of several years, and the putative plaintiff thereafter files suit, it is possible that some statutory bases of her recovery may be time-barred while she may yet proceed with other claims arising from the defendant's more recent violations.  A contrary ruling would allow an actor to commit minor infractions in violation of federal law, wait for the applicable statute of limitations to pass, and thereafter escalate both the breadth and depth of its illegal conduct with impunity, violating new provisions within the statute and ramping up the intensity of its earlier violations.

Simply put, MBNA allegedly violated § 1681s-2(b) a few months before

Pletz filed her original Complaint, well before the two year statute of limitations expired. Should this case proceed to trial, the Court will instruct the jury so that it does not improperly assess damages for Pletz's false verification claims tat are actually attributable to time-barred claims of harassment or unfair collection practices.

Having determined that the statute of limitations defense fails on the merits, this Court need not determine whether MBNA waived the defense for failure to assert it in its first answer to Count II.

### III. CONCLUSION

Accordingly, the Court **DENIES** Defendants' Motion to Dismiss the Second Amended Complaint (Doc. 74).

**IT IS SO ORDERED.**

Signed this 15th day of February, 2007.

/s/       David   RHerndon
**United States District Judge**